Filed 01/11/24

VERMONT SUPERIOR COURT
Rutland Unit
83 Center St
Rutland VT  05701
802-775-4394
www.vermontjudiciary.org

CIVIL DIVISION
Case No. 23-CV-03478



Jerry Stearns and Tammy Stearns
    Plaintiffs

v.

Lenore Mondell
    Defendant

### Decision on Defendant's Motion to Dismiss

Plaintiffs Jerry and Tammy Stearns rented an apartment to defendant Lenore Mondell pursuant to a verbal month-to-month lease. On July 10, 2023, plaintiffs sent defendant a letter terminating the rental agreement. It was an informal letter that reflected personal familiarity, and a copy of the letter is included in an appendix at the end of this opinion. It explained that defendant had failed to pay her rent for July, and had paid only half her rent for June, and that the amount of overdue rent was $1200. Plaintiffs requested that defendant "vacate the property" by the end of the month, and informed defendant that they would "start the process of eviction" if she did not vacate by then. Plaintiffs thereafter filed this complaint for eviction, and defendant filed a motion to dismiss.

At issue is whether a notice of termination for nonpayment of rent must include information about the right to cure. A split of authority exists, in which a number of courts have concluded that it must, e.g., *Tyler v. Elberson*, No. 21-CV-01041 (Vt. Super. Ct. Dec. 6, 2021) (Toor, J.); *Crompton v. Ball*, No. 686-10-05 Rdcv (Vt. Super. Ct. Dec. 15, 2005) (Norton, J.); *Mills v. Smart*, No. 155-6-97 Bncv (Vt. Super. Ct. Jul. 9, 1997) (Wesley, J.) (citing *Halasz v. Kingsbury*, No. S502-87 WmC (Vt. Super. Ct. Dec. 15, 1987)), whereas other courts have concluded that inclusion of the information is not required, at least in some contexts, e.g., *Barnet Tradepost, LLC v. Alden*, No. 22-CV-02437, 2022 WL 19002742 (Vt. Super. Ct. Nov. 9, 2022) (Richardson, J.); *Corse v. Pickett*, No. 219-12-15 Oecv, 2016 WL 1167745 (Vt. Super. Ct. Feb. 4, 2016) (Tomasi, J.). Both views are supported by persuasive considerations, including the extent to which information about the right to cure is needed to provide the tenant with notice of their rights, e.g., *Mills*, No. 155-6-97 Bncv, and the observation that information-disclosure requirements are expressly included in other legislative schemes (such as those pertaining to mobile-home park evictions, nonjudicial foreclosures, and the provision of information about VAWA occupancy rights), but are not included within the statutory provisions related to notices of termination of residential rental agreements, e.g., *Corse*, No. 219-12-15 Oecv.

Here, rather than expressly choose between the above two lines of cases, the court concludes that the specific language of this particular notice was not effective to terminate the rental agreement. The statutes provide that a landlord may terminate a rental agreement for nonpayment of rent by providing the tenant with "actual notice . . . of the date on which the tenancy will terminate," and that the rental agreement will not terminate if the tenant "pays or tenders rent due through the end of the rental period in which payment is made or tendered." 9 V.S.A. § 4467(a). In other words, the rule is that a landlord may terminate a rental agreement for nonpayment of rent by providing the tenant with actual notice of the date on which the rental agreement will terminate if the tenant does not by then pay all of the rent due.

In this case, plaintiffs did not provide any notice of such a date. Instead, plaintiffs provided defendant with a date on which she needed to move out of her apartment, no matter what, which is not a method of termination that is permitted by statute. The court understands that plaintiffs and defendant have known each other for a long time, and that this is reflected in the informality of the termination notice. However, landlords are legally responsible for sending a valid termination notice, and here it was not sufficient for plaintiffs to send a letter implying that the rental agreement had already been terminated for nonpayment of rent, and that defendant must vacate by the end of the month or face eviction proceedings. It was not true that the termination had already occurred, and it was not a foregone conclusion that defendant needed to vacate by the end of the month. In other words, the basis for the termination asserted in the notice was not a valid basis for termination under the statute. *Andrus v. Dunbar*, 2005 VT 48, ¶ 13, 178 Vt. 554 (mem.).

In deciding the case in this manner, the court is not imposing an informational-disclosure requirement upon the landlord, nor "writ[ing] additional requirements into an already difficult eviction process," as argued by plaintiffs. It is true that discussions about these issues feature in many of the above-cited cases, e.g., *Mills*, No. 155-6-97 Bncv; *Corse*, No. 219-12-15 Oecv. In this case, however, the court relies less upon these principles than upon the unexceptional view that a termination notice is only effective if it states a valid statutory basis for termination. *Andrus*, 2005 VT 48, ¶ 13; *Tyler*, No. 21-CV-01041. In this case, the letter sent by plaintiffs did not meet that minimum requirement.

For these reasons, plaintiffs' motion to file a surreply (Motion 4) is granted, and defendant's motion to dismiss (Motion 3) is granted.

Electronically signed on Wednesday, January 10, 2024 pursuant to V.R.E.F. 9(d).

H. Dickson Corbett
Superior Court Judge

July 10, 2023

Lenore Mondell
████████ ████
Proctor, Vermont. 05765

Dear Lenore,

Due to your rent being unpaid for July 2023 for $800.00 (eight hundred dollars) and half of June 2023 for $400 (four hundred dollars).  Total in arrears $1200.00 (Twelve hundred dollars).  And, with little or no attempt by you to return phone calls to discuss your rent that is overdue,  we are asking that you vacate the property at ████████ Proctor, VT with all of your possessions by July 30th, 2023.

 If you do not vacate the property at ████████ Proctor, VT by July 30, 2023, we will, in accordance with Vermont Law, start the process of eviction that day.

Thank you in advance for your cooperation.

Respectfully yours,

Jerry Stearns          Tammy Stearns